UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                              CASE NO.

**KIVA CONSTRUCTION & ENGINEERING, INC.**                      **13-11576**
                                                                                            SECTION A
DEBTOR                                                                          CHAPTER 11

## REASONS FOR DECISION

The Motion for Sanctions and Reimbursement of Costs and Attorneys' Fees[1] and Supplemental Request[2] came before the Court on October 12, 2016. After conclusion of the hearing, the Court took the matter under advisement.

**I. Findings of Fact**

On June 6, 2013, Kiva Construction & Engineering, Inc. ("Kiva") filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. Kiva's schedule of assets shows ownership in 186 Zimmer Road, Gibson, Louisiana ("Gibson property"). Kiva's confirmed Plan of Reorganization ("Plan") contemplated funding distributions to creditors through continued operations.[3]

Post-confirmation, on March 22, 2016, Kiva filed a Motion for Order Authorizing the Auction of the Gibson Property and Employment of Gilmore Auction & Realty Co. ("Auction Motion")[4] due decline in business and lack of profit. On June 2, 2016, the Court granted the Auction Motion ("Auction Order").[5]

---

[1] P-346.

[2] P-363.

[3] Kiva's Plan was confirmed on August 29, 2014. P-187.

[4] P-314.

[5] P-320.

On July 18, 2016, Kiva filed an Emergency Motion for Order Confirming Sale of the Gibson Property, Subject to Overbids, and Approving Overbid Procedures ("Overbid Motion").[6] The Overbid Motion represented that an online auction was conducted by Gilmore Auction & Realty Co. ("Gilmore") on July 14, 2016. The successful bid of $405,000.00 was given by Jennifer Jeansonne. After the close of bidding, a third party contacted Gilmore contending that he tried to bid $410,000.00 but was unable to submit his bid online due to a problem with the internet. He then made a post-auction offer of $415,000.00, and Kiva requested that the Court accept the offer as being in the best interest of creditors. Jeansonne objected to the Overbid Motion and requested that the sale to her be confirmed.

After an investigation by Xcira, Inc., the online bidding platform used by Gilmore to conduct the auction, Xcira, Inc. found no errors with its system.[7] The terms of auction placed any risk of problems in internet connection with the bidder, and the conditions of sale were final at the close of bidding. As a result, the Court confirmed the sale to Jeansonne ("Order Confirming Sale").[8]

On August 10, 2016, Jeansonne filed an Emergency Motion to Compel Kiva to Execute an Agreement for Purchase and Sale contending that Kiva's principal refused to sign the Purchase Agreement and Act of Sale.[9] The Court ordered Kiva to sign the Act of Sale within twenty-four hours of being provided the document.[10]

---

[6] P-322.

[7] P-329.

[8] P-335.

[9] P-337.

[10] P-345.

On September 1, 2016, Paul C. Miniclier, a creditor of Kiva, filed a Motion to Vacate the Order to Sell the Gibson Property ("Miniclier Motion").[11] Jeansonne filed an Objection.[12] Jeansonne also filed a Motion to Amend the Order Confirming Sale in order to compel Kiva to execute the Act of Sale and to clear title by dealing with outstanding liens.[13]

On September 12, 2016, the Court denied the Miniclier Motion and granted Jeansonne's Motion to Amend the Order Confirming Sale.[14]

Jeansonne filed the instant Motion for Sanctions and Reimbursement of Costs and Attorneys' Fees[15] and Supplemental Request.[16] She requests a total of $19,149.00 in attorneys' fees and $34.00 in expenses for having to defend her right to buy the Gibson Property as the high bidder at auction and compel Kiva to execute the sale documents. At the hearing, Jeansonne agreed to reduce her fee request by $5,000.00.

## II. Law and Analysis

"A bankruptcy judge has jurisdiction to impose civil sanctions..."[17] "Civil contempt ... can be used to compensate a party who has suffered unnecessary injuries or costs because of

---

[11] P-351.

[12] P-360.

[13] P-354.

[14] P-366.

[15] P-346.

[16] P-363.

[17] *In the Matter of Skyport Global Communications, Inc.*, 2016 WL 5939415, *4 (5th Cir. 2016) (citing *In re Hipp, Inc.*, 895 F.2d 1503, 1521 (5th Cir. 1990).

contemptuous conduct."[18] Thus, a bankruptcy court may compensate a party for the attorneys' fees it "incurred in seeking compliance with the bankruptcy court's order."[19]

After Jeansonne was the successful bidder at auction, she incurred $7,730.50 in attorneys' fees to defend Kiva's Overbid Motion.[20] Kiva's counsel filed the Overbid Motion in an effort to discharge his duties to the estate. Although the Court appreciates his rationale, the Overbid Motion was overly hostile to Jeansonne despite the clear terms of sale and the small increase in price represented by the over-bid. Given these circumstances, an award of $3,865.25 will be given for defending the Overbid Motion.

After the Court confirmed the sale to Jeansonne, Kiva's principal refused to sign the Purchase Agremeent. Jeansonne filed a Motion to Compel Kiva to Execute an Agreement for Purchase and Sale, for which she requests attorneys' fees in the amount of $3,835.00.[21] While the Court does not believe that a Purchase Agreement was necessary in light of the Court's Order Confirming Sale, the Court recognizes that the title agent's insistence on having one signed motivated Jeansonne's Motion to Compel. The Court also recognizes Kiva's unwillingness to cooperate. Therefore, the Court will award Jeansonne $1,917.50 for having to bring the Motion to Compel.

Jeansonne requests $1,913.00[22] in attorneys' fees spent clearing title to the Gibson Property. Under Louisiana law, a seller has a duty to deliver "peaceful possession" or clear title.[23] Therefore,

---

[18] *Id.* (quoting *Travelhost, Inc. v. Blandford*, 68 F.3d at 958, 961-62 (5th Cir. 1996).

[19] *Id.* at *5.

[20] Exh. 1.

[21] *Id.*

[22] Exh. 2.

[23] La. C.C. Art. 2475.

the Court will award Jeansonne the $1,913.00[24] in attorneys' fees spent clearing title to the Gibson Property because this should have been completed by Kiva.

Jeansonne also requests reimbursement for attorneys' fees spent in defending the Miniclier Motion. In any sale, there is a risk that a creditor will object. Kiva's unwillingness to complete the sale to Jeansonne in no way caused Miniclier to seek to vacate the sale. Therefore, the Court will not award fees for defending the Miniclier Motion.

The exhibits reflect that all other time spent in furtherance of the sale and was unrelated to Kiva's unwillingness to complete the sale and, thus, will not be reimbursed.

### III. Conclusion

The Court will grant in part and deny in part Jeansonne's Motion for Sanctions and Reimbursement of Costs and Attorneys' Fees and award Jeansonne $7,695.75 in attorneys' fees and $34.00 in costs. A separate Order will be entered in accord with these Reasons.

New Orleans, Louisiana, October 26, 2016.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[24] Exh. 2.